# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

PETER JOHN HUHNE, #52233-019,

      Petitioner,

v.                                          ACTION NO. 2:08cv523

PATRICIA R. STANSBERRY, Warden,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends GRANTING Respondent's motion to dismiss the petition.

### I. STATEMENT OF THE CASE

On February 21, 2002, Petitioner, Peter John Huhne, received a 120-month sentence in the United States District Court for the Northern District of Georgia for the offenses of attempted bank robbery and bank robbery. See Decl. of Lynnell Cox, Mem. in Support of Mot. to Dismiss ("Resp. Mem.") Ex. 1, ¶ 4. He is presently in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution - Low in Petersburg, Virginia ("FCI Petersburg") with a projected release date of November 16, 2009. Id.

On January 22, 2008, Petitioner's Unit Team at FCI Petersburg considered Petitioner for

prerelease placement in a Residential Re-Entry Center ("RRC") (also referred to as Community Corrections Center or CCC). See Decl. of Robert Blankenship, Resp. Mem. Ex. 2, ¶ 7. Petitioner's Unit Team recommended that Petitioner be placed in an RRC for six months, or 180 days. Id. On May 15, 2008, after Congress enacted the Second Chance Act, Petitioner's Unit Team reconsidered Petitioner for prerelease placement in an RRC, and again recommended that Petitioner be placed in an RRC for 180 days. Id. at ¶ 8

On September 3, 2008, the Warden at FCI Petersburg signed an "Institutional Referral for CCC Placement" recommending that Petitioner be placed in an RRC for 170 to 180 days prior to his anticipated release date of November 16, 2009. Id. at ¶ 9. This recommendation was transmitted to the Community Corrections Office, which is responsible for overseeing contracts for community-based programs and for securing bed space for federal offenders serving their sentences in RRCs. Id. at ¶ 10. The Community Corrections Office makes the final determination regarding which RRC an inmate will be placed in, and for how long. Id.

In December 2008, the Administrator of the Community Corrections Office reviewed the Warden's recommendation for Petitioner's RRC placement, and based on the individual facts of Petitioner's case, reduced Petitioner's recommended RRC placement to 90 days. See Decl. of Cheryl Dennings, Resp. Reply Ex. 1, ¶¶ 4-9. On December 3, 2008, the Community Corrections Office sent a referral for RRC placement for Petitioner to the Director of Dismas, Charities, Inc. in Atlanta, Georgia, requesting an RRC placement date of August 19, 2009. Id. at ¶ 11. Petitioner is currently scheduled to transfer to Dismas Charities, Inc. on that date. Id.

Petitioner filed administrative remedy requests at the Institutional, Regional and Central Office levels requesting twelve months placement in an RRC. See Cox Decl. ¶¶ 5-8. Petitioner's

requests were denied at each level. Id. ¶¶ 6-8. Therefore, Petitioner has exhausted his administrative remedies.

On November 3, 2008, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the BOP failed to consider his request for RRC placement in accord with governing statutes. On December 3, 2008, the government filed a Motion to Dismiss the habeas petition (Doc. No. 5), which is now ripe.

**Grounds Alleged**

Petitioner asserts the BOP unlawfully computed his allowable time for placement in an RRC pursuant to Title 18 U.S.C. § 3624(c). Petitioner is asking that the BOP reconsider him for placement in an RRC for twelve months.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Two statutes grant the BOP authority to place and transfer prisoners. Title 18 U.S.C. § 3621 authorizes the BOP to designate where a federal inmate will be imprisoned. In making this determination, the BOP considers the following factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence –
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b) (2009). Title 18 U.S.C. § 3624 allows the BOP to grant a federal inmate prerelease custody, which permits him to serve a portion of his federal sentence in home confinement

or an RRC.

Petitioner asserts the BOP did not properly apply these statutes in making his RRC placement decision. Petitioner was initially reviewed for placement in an RRC by his Unit Team in January 2008, and was recommended for a 180-day placement. See Blankenship Declaration ¶ 7. At that time, 18 U.S.C. § 3624(c) provided:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c) (2007).

Congress enacted the Second Chance Act in 2008, amending 18 U.S.C. § 3624(c)(1) to read:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c) (effective Apr. 9, 2008). The BOP regulations applying the provisions of 18 U.S.C. §§ 3621(b) and 3624(c) were amended to conform to the Act. See 28 C.F.R. §§ 570.20 et seq. (effective Oct. 21, 2008).[1] Petitioner was given a second review for placement in an RRC on May 15, 2008. See Blankenship Decl. ¶ 8. Notes from Petitioner's "Inmate Activity Record" show that

---

[1] The petition alleges the BOP has failed to promulgate rules instructing its personnel on how to implement the Second Chance Act of 2007 pursuant to Title 18 U.S.C. § 3621. See Petition at 7. The petitioner filed this petition on November 3, 2008, and most certainly was not aware of the BOP regulations, effective October 21, 2008, enacted to comply with the Second Chance Act. The new regulations address Petitioner's concern, and this portion of his petition should be DENIED.

his Unit Team considered the criteria set forth in 18 U.S.C. § 3621(b), and determined Petitioner would benefit from placement in an RRC for the final six months of his federal sentence. Id. ¶ 8 and Attachment 1. In response to Petitioner's request for the Unit Team's evaluation of his release needs under the Second Chance Act, the BOP provided Petitioner on July 15, 2008, with a typed explanation of the five factors enumerated in § 3621(b) as applied to his case. Id. Attachment 4; see also Miller v. Whitehead, 527 F.3d 752, 758 (8th Cir. 2008) (holding the statute does not require the BOP to provide prisoners with a detailed statutory analysis when a transfer decision is made).

The Warden then signed an "Institutional Referral for CCC Placement" on September 3, 2008, which stated:

> Mr. Huhne was reviewed under 18 USC 3621b: 1. There are available residential reentry centers in his release area. 2. The nature and circumstances of the offense are eligible for RRC placement as there are no extenuating circumstances that would preclude placement. 3. The history and characteristics of the inmate are: He does not have an established residence or community ties, he was employed prior to incarceration, and should have no problem securing employment during RRC placement. His sentence is for 120 months and he will be removed from the community for that period of time. Therefore, the 170-180 day RRC placement should be an adequate amount of time for him to take full advantage of the transitional services and programs. 4. There were no statements on the J&C from the sentencing court regarding RRC placement at the time of sentencing. 5. There is not a pertinent policy by the Sentencing Commission.

See Blankenship Decl. ¶ 9 and Attachment 5. This referral was forwarded to the Community Corrections Office for a final determination of Petitioner's RRC placement.

The Community Corrections Administrator, Cheryl Dennings, considered the individual circumstances of Petitioner's case based upon the factors set forth in 18 U.S.C. § 3621(b). See Dennings Decl. at ¶ 6. The resources of the RRC facility were considered, as well as the fact that

the RRC accepts individuals convicted of bank robbery offenses. Id. Ms. Dennings considered that Petitioner committed seven bank robberies and led law enforcement officials on a chase which reached speeds of 60 to 70 miles per hour in mid-day Atlanta traffic in rainy conditions. Id. She considered that this behavior created a substantial risk of harm to the public. Id. After considering Petitioner's behavior during the course of the bank robberies, Petitioner was classified as having a history of "assaultive behavior." Id. at ¶ 7. In addition to the 18 U.S.C. § 3621(b) factors, Ms. Dennings considered the recommendation of the Respondent. Id. at ¶ 8. Based on her review of all of these factors, Ms. Dennings decided that a 90 day placement in an RRC would provide Petitioner ample time in the community to reintegrate into society. Id. at ¶ 9. As a result, she requested an RRC placement date of August 19, 2009, and this is the date Petitioner is scheduled to transfer to an RRC. Id. at ¶¶ 10-11.

Petitioner filed this petition asking the Court to "order the BOP's immediate reconsideration of maximum RRC placement of 12 months under the § 3621 factors allowable for the Petitioner." Petition at 4. Petitioner alleges Case Manager Coordinator, Mr. Al Piccinino, told Petitioner "there is no circumstance ever in which he would sign off on recommending anyone, for any reason, 12 months RRC time." See Pet. Opp. (Doc. 9) at 19. Petitioner further alleges that when he met with Unit Team Manager, Mr. Simms, during his "Team Review," Mr. Simms told Petitioner, "no bank robbery-charged inmate would or could get more than 90 days RRC placement in his Region." See Pet. Sur-Reply (Doc. 17) at 3. These statements are contradicted by the affidavits filed in Petitioner's case, as well as the BOP regulations which require consideration of the five § 3621 factors. The statutes, 18 U.S.C. §§ 3621(c) and 3624(b), grant the BOP sole discretion to transfer a prisoner to an RRC for a period not to exceed twelve months. In exercising this discretion, the

BOP must in good faith consider the five factors enumerated in § 3621(b). See Miller v. Whitehead, 527 F.3d at 758, Wedelstedt v. Wiley, 477 F.3d 1160, 1168 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006); Woodall v. Fed'l Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005). The record shows the BOP considered the § 3621(b) factors as applied to the Petitioner. The factors were considered first by Petitioner's Unit Team and Warden, and then by the Community Corrections Office.[2] These reviews comply with the requirements of the statute, and Petitioner has received the due process to which he is entitled.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Respondent's Motion to Dismiss be GRANTED and the petition for writ of habeas corpus be DENIED and DISMISSED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or

---

[2] Petitioner concedes that with the exception of one minor notation on a form, "all other information included in the declarations of Lynette Cox and Robert Blankenship are true and correct to the best of [his] knowledge and belief." Pet. Resp. in Opp. to Mot. to Dismiss at 8.

specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                            /s/
                                  Tommy E. Miller
                        United States Magistrate Judge

Norfolk, Virginia

March 3, 2009

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Peter John Huhne, #52233-019
FCC-Petersburg Low
P.O. Box 1000
Carolina Hall
Petersburg, VA 23804-1000


Joel E. Wilson, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

                                        Fernando Galindo, Clerk


                          By _____
                                  Deputy Clerk

                                  March      , 2009